## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO.:

THE LEARNING EXPERIENCE SYSTEMS LLC,
a Delaware Limited Liability Company, and THE
LEARNING EXPERIENCE CORP., a Delaware
Corporation,

      Plaintiffs,

v.

SMART KIDS OF MISSOURI, INC., a Missouri
Corporation, SUPER KIDS, INC., a Missouri
Corporation, SREENIVAS BUDDHA,
an individual, GEETA BUDDHA, an individual,
PRANEETH KRISHNA, a/k/a PRANEETH
KRISHNA DINDIGAPU, a/k/a PRANEETH
DINDIGAPU, an individual, VAMSHI KRISHNA,
a/k/a VAMSHI KRISHNA DINDIGAPU, a/k/a
DINDIGAPU VAMSHI KRISHNA, a/k/a
VAMSHI DINDIGAPU an individual, and
HARSHINI MANCHUKONDA, an individual,

      Defendants,

_____/

## **COMPLAINT**

      Plaintiffs, THE LEARNING EXPERIENCE SYSTEMS LLC, a Delaware limited liability

company ("TLE" or "Franchisor"), and THE LEARNING EXPERIENCE CORP., a Delaware

corporation ("TLE Corp." or "Manager"), by and through the undersigned attorneys, hereby file

this Complaint against Defendants, SMART KIDS OF MISSOURI, INC., a Missouri corporation

("Smart Kids"), SUPER KIDS, INC., a Missouri corporation ("Super Kids"), SREENIVAS

BUDDHA, an individual ("S. Buddha"), GEETA BUDDHA, an individual ("G. Buddha")

(sometimes collectively the "Buddhas"), PRANEETH KRISHNA, a/k/a PRANEETH KRISHNA

DINDIGAPU, a/k/a PRANEETH DINDIGAPU, an individual ("P. Krishna"), VAMSHI

KRISHNA, a/k/a VAMSHI KRISHNA DINDIGAPU, a/k/a DINDIGAPU VAMSHI KRISHNA, a/k/a VAMSHI DINDIGAPU, an individual ("V. Krishna"), and HARSHINI MANCHUKONDA, an individual ("Manchukonda"), and allege as follows:

**<u>Jurisdiction, Venue, Parties</u>**

1.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because there is diversity of citizenship between the parties and the amounts in controversy as to each Plaintiff exceed the sum of $75,000.00 exclusive of interest, attorney's fees, and costs, as alleged more specifically below.

2.      Venue is proper in this district pursuant to the written agreements between TLE and Defendants which are described below, and because a substantial part of the events or omissions giving rise to these claims occurred in this district.

3.      Defendants are subject to personal jurisdiction in this District by virtue of, *inter alia*, their unconditional consent to submit to jurisdiction in this District, as set forth in Section 12.5 of the Franchise Agreements and other agreements, as described below.

4.      This is an action for damages which exceed the sum of $75,000.00 exclusive of interest and costs, as more fully alleged below.

5.      Plaintiff TLE is a Delaware limited liability company with its principal place of business at 210 Hillsboro Technology Drive, Deerfield Beach, Florida 33441.  The sole (100%) member of Plaintiff TLE is the co-Plaintiff, THE LEARNING EXPERIENCE CORPORATION f/k/a THE LEARNING EXPERIENCE HOLDING CORPORATION, which is a Delaware corporation, and which has its principal place of business in Deerfield Beach, Florida. Plaintiff TLE is thus a citizen of Delaware and Florida.

6.  Plaintiff TLE Corp. is a Delaware corporation with its principal place of business at 210 Hillsboro Technology Drive, Deerfield Beach, Florida 33441.  Plaintiff TLE Corp. is thus a citizen of Delaware and Florida.

7.  Smart Kids is a corporation formed and operating under the laws of Missouri with its principal place of business located in Missouri.

8.  Super Kids is a corporation formed and operating under the laws of Missouri with its principal place of business located in Missouri.

9.  The Buddhas are, upon information and belief, citizens of Maryland.

10. P. Krishna is, upon information and belief, a citizen of Missouri.

11. V. Krishna is, upon information and belief, a citizen of Missouri.

12. Manchukonda is, upon information and belief, a citizen of Missouri.

13. All of the Defendants are subject to personal jurisdiction in the State of Florida by virtue of their voluntary and deliberate entry into various contracts and agreements with TLE and TLE Corp., both of which have their principal places of business in Florida, and pursuant to several of which Defendants unconditionally consented to jurisdiction in this District.  Furthermore, the Defendants have purposefully availed themselves of the benefits and protections of Florida's laws by entering into various contracts providing that Florida's laws would govern any disputes arising thereunder.  Further, Defendants have conducted and engaged in business in the state of Florida related to the subject franchises, including but not limited to attending franchisee trainings in Florida and directing communications into Florida.

## General Factual Allegations

14. TLE is the franchisor of The Learning Experience Academy of Early Education® system and owns, operates, and franchises childcare and development centers.

15.     TLE will grant a franchise and license to certain qualified persons or entities to operate franchises at an approved location or within a specific territory.

16.     All of TLE's franchisees must operate their franchised centers in strict compliance with their respective franchise agreements and related franchise documents, as well as state statutes and all applicable local regulations and codes.

*The SP-West Franchise Agreement*

17.     On or about May 20, 2019, Defendants S. Buddha and P. Krishna, in trust for an entity to be formed, which entity was ultimately formed as Defendant Smart Kids, executed a Franchise Agreement for the first St. Peters, Missouri childcare center (the "SP-West Franchise Agreement").  A true and accurate copy of the SP-West Franchise Agreement is attached hereto and incorporated herein as Exhibit "1".

18.     Pursuant to the SP-West Franchise Agreement, TLE, as franchisor, granted a franchise and license to Defendants S. Buddha, and P. Krishna, in trust for an entity to be formed, the Defendant Smart Kids (the "SP-West Franchisee"), to operate the franchised child care center located at 515 Florence Drive, St. Peters, Missouri 63304 (the "SP-West Center").

19.     In conjunction with the SP-West Franchise Agreement, Defendants, the Buddhas, P. Krishna, and Manchukonda executed and delivered to TLE, as Franchisor, a Personal Guaranty and Subordination Agreement dated as of May 20, 2019, pursuant to which the Buddhas, P. Krishna, and Manchukonda, in their individual capacities, *inter alia*, absolutely and unconditionally guaranteed the prompt full payment and performance of all obligations of the SP-West Franchisee under the SP-West Franchise Agreement as well as any other franchise documents or agreements related to the SP-West Franchise Agreement or any lease for the SP-West Center.  *See* Attachment 4 to Exhibit 1, attached hereto and incorporated herein by reference.

20.     In conjunction with the SP-West Franchise Agreement, Defendants S. Buddha and P. Krishna executed a Site Development Service Charge Addendum dated as of May 20, 2019 (the "SP-West SDSC Addendum"), pursuant to which S. Buddha and P. Krishna agreed to pay TLE, as Franchisor, a Site Development Service Charge in consideration for Site Development Services for the SP-West Center.  A true and accurate copy of the SP-West SDSC Addendum is attached hereto and incorporated herein as Exhibit "2".

21.     Subsequently, on or about July 3, 2019, Defendants S. Buddha, P. Krishna, and V. Krishna, in trust for an entity to be formed, Smart Kids, executed a Second Addendum to SP-West Franchise Agreement, which added V. Krishna as a party to the SP-West Franchise Agreement.  A true and accurate copy of the Second Addendum to the SP-West Franchise Agreement is attached hereto and incorporated herein as Exhibit "3".

22.     In conjunction with the Second Addendum to the SP-West Franchise Agreement, Defendant V. Krishna executed and delivered to TLE, as Franchisor, a Personal Guaranty and Subordination Agreement dated as of July 3, 2019, pursuant to which V. Krishna, in his individual capacity, *inter alia*, absolutely and unconditionally guaranteed the prompt full payment and performance of all obligations of the SP-West Franchisee under the SP-West Franchise Agreement as well as any other franchise documents or agreements related to the SP-West Franchise Agreement or any lease for the SP-West Center.  A true and accurate copy of V. Krishna's Personal Guaranty for the SP-West Franchise Agreement is attached hereto and incorporated herein as Exhibit "4".  (The May 20, 2019 guaranty and July 3, 2019 guaranty are sometimes collectively referred to as the "SP-West Guaranty").

23.     The SP-West Center opened to the public and began operations on or about November 30, 2020.

### *The SP-West Management Agreement*

24.     On or about May 28, 2020, Defendant Smart Kids, the SP-West Franchisee, executed an Exclusive Center Management Agreement for the SP-West Center (the "SP-West Management Agreement") with TLE Corp., pursuant to which TLE Corp., as Manager, would assume authority over the management and operations of the SP-West Center.  A true and accurate copy of the SP-West Management Agreement is attached hereto and incorporated herein as Exhibit "5".

25.     In conjunction with the SP-West Management Agreement, on or about May 28, 2020, Defendant Smart Kids, as the SP-West Franchisee, granted absolute power of attorney, appointing TLE Corp., as Manager, as its attorney-in-fact to act in its place and stead on all matters pertaining to the SP-West Center.  *See* Exhibit A to Exhibit 5, attached hereto and incorporated herein by reference.

### *The SP-West Defaults*

26.     The SP-West Franchisee breached numerous provisions of the SP-West Franchise Agreement.  Said breaches include, but are not limited to:

    a.  Defaulting in the performance of material obligations under the SP-West Franchise Agreement in violation of Section 11.1(c) of the SP-West Franchise Agreement;

    b.  Failing to make payments when due to Franchisor or its affiliates in violation of Section 11.2(a) of the SP-West Franchise Agreement; and

    c.  Engaging in conduct detrimental to the Marks and goodwill associated therewith, in violation of Section 11.2(b) of the SP-West Franchise Agreement.

### The SP-East Franchise Agreement

27.     On or about May 28, 2019, Defendants S. Buddha and P. Krishna, in trust for an entity to be formed, which entity was ultimately formed as Defendant Super Kids, executed a Franchise Agreement for the second St. Peters, Missouri childcare center (the "SP-East Franchise Agreement").  A true and accurate copy of the SP-East Franchise Agreement is attached hereto and incorporated herein as Exhibit "6".

28.     Pursuant to the SP-East Franchise Agreement, TLE, as franchisor, granted a franchise and license to Defendants S. Buddha and P. Krishna, in trust for an entity to be formed, the Defendant Super Kids (the "SP-East Franchisee"), to operate the franchised child care center located at 600 Bond Street, St. Peters, Missouri 63376 (the "SP-East Center").

29.     In conjunction with the SP-East Franchise Agreement, Defendants, the Buddhas, P. Krishna, and Manchukonda executed and delivered to TLE, as Franchisor, a Personal Guaranty and Subordination Agreement dated as of May 28, 2019, pursuant to which the Buddhas, P. Krishna, and Manchukonda, in their individual capacities, *inter alia*, absolutely and unconditionally guaranteed the prompt full payment and performance of all obligations of the SP-East Franchisee under the SP-East Franchise Agreement as well as any other franchise documents or agreements related to the SP-East Franchise Agreement or any lease for the SP-East Center. *See* Attachment 4 to Exhibit 6, attached hereto and incorporated herein by reference.

30.     In conjunction with the SP-East Franchise Agreement, Defendants S. Buddha and P. Krishna executed a Site Development Service Charge Addendum dated as of May 28, 2019 (the "SP-East SDSC Addendum"), pursuant to which S. Buddha and P. Krishna agreed to pay TLE, as Franchisor, a Site Development Service Charge in consideration for Site Development Services

for the SP-West Center.  A true and accurate copy of the SP-East SDSC Addendum is attached hereto and incorporated herein as Exhibit "7".

31.     Subsequently, on or about August 1, 2019, Defendants S. Buddha, P. Krishna, and V. Krishna, in trust for an entity to be formed, Super Kids, executed a Second Addendum to the SP-East Franchise Agreement, which added V. Krishna as a party to the SP-East Franchise Agreement.   A true and accurate copy of the Second Addendum to the SP-East Franchise Agreement is attached hereto and incorporated herein as Exhibit "8".

32.     In conjunction with the Second Addendum to the SP-East Franchise Agreement, Defendant V. Krishna executed and delivered to TLE, as Franchisor, a Personal Guaranty and Subordination Agreement dated as of August 1, 2019, pursuant to which V. Krishna, in his individual capacity, *inter alia*, absolutely and unconditionally guaranteed the prompt full payment and performance of all obligations of the SP-East Franchisee under the SP-East Franchise Agreement as well as any other franchise documents or agreements related to the SP-East Franchise Agreement or any lease for the SP-East Center.  A true and accurate copy of V. Krishna's Personal Guaranty for the SP-East Franchise Agreement is attached hereto and incorporated herein as Exhibit "9".  (The May 28, 2019 guaranty and August 1, 2019 guaranty are sometimes collectively referred to as the "SP-East Guaranty").

33.     The SP-East Center opened to the public and began operations on or about November 30, 2020.

### The SP-East Promissory Note and Collateral Documents

34.     On or about December 10, 2019, Defendant Super Kids executed and delivered a Secured Promissory Note in the amount of $176,565.66 plus interest payable to TLE (the "SP-East

Note").  A true and accurate copy of the SP-East Note is attached hereto and incorporated herein as Exhibit "10".  TLE is the holder of the SP-East Note.

35.     In conjunction with the SP-East Note, Defendant Superkids as debtor, executed and delivered to TLE, as secured party, a Security Agreement dated as of December 10, 2019, pledging various personalty described therein as collateral for the debt.  A true and accurate copy of the Security Agreement is attached hereto and incorporated herein as Exhibit "11."

36.     In conjunction with the SP-East Note, Defendants S. Buddha, P. Krishna, and V. Krishna executed and delivered to TLE, as lender, a Collateral Assignment and Pledge of Membership Interest dated as of December 10, 2019 ("Collateral Assignment") as additional collateral for the debt.  A true and accurate copy of the Collateral Assignment is attached hereto and incorporated herein as Exhibit "12."

37.     In conjunction with the SP-East Note, Defendants S. Buddha, P. Krishna, and V. Krishna (collectively the "SP-East Note Guarantors") executed and delivered to TLE a General and Continuing Guaranty dated as of December 10, 2019 (the "SP-East Note Guaranty"), pursuant to which the SP-East Note Guarantors guaranteed the payment and performance of all obligations under the SP-East Note.  A true and accurate copy of the SP-East Note Guaranty is attached hereto and incorporated herein as Exhibit "13".

*The SP-East Defaults*

38.     The SP-East Franchisee breached numerous provisions of the SP-East Franchise Agreement.  Said breaches include, but are not limited to:

    a.  Failing to maintain adequate inventories and facilities necessary to operate the SP-East Center in violation of Section 8.1 of the SP-East Franchise Agreement;

b.   Failing to operate the SP-East Center in accordance with the Franchise Agreement, the System, and the Manual, in violation of Sections 8.6.2 and 11.1(b) of the SP-East Franchise Agreement;

c.   Defaulting in the performance of material obligations under the SP-East Franchise Agreement in violation of Section 11.1(c) of the SP-East Franchise Agreement;

d.   Failing to make payments when due in violation of Section 11.2(a) of the SP-East Franchise Agreement; and

e.   Engaging in conduct detrimental to the Marks and goodwill associated therewith, in violation of Section 11.2(b) of the SP-East Franchise Agreement.

*The Notice of Default*

39.     On or about September 4, 2020, TLE provided and delivered to the SP-East Franchisee and the SP-West Franchisee (collectively the "Franchisees") a Notice of Material Default and demanded the timely cure of the same.  A true and accurate copy of the Notice of Material Default is attached hereto and incorporated herein as Exhibit "14".

40.     Defendants have failed to cure the material defaults described in the Notice of Material Default.

41.     Plaintiffs have retained the undersigned counsel to represent them in this action and are obligated to pay said counsel a reasonable fee for their services.  Plaintiffs are entitled to recover their reasonable attorney's fees and costs from the respective Defendants pursuant to, *inter alia*, the terms of the SP-West and SP-East Franchise Agreements, and their respective Attachments and Addendums, and the SP-East Promissory Note, as applicable.

42.     All conditions precedent to the filing of this action have been performed, satisfied, waived, or otherwise excused.

## COUNT I: BREACH OF SP-WEST FRANCHISE AGREEMENT
### (Plaintiff TLE against Defendant Smart Kids)

43.     TLE re-alleges and incorporates the allegations set forth in paragraphs 1-26 and 39-42 above, as though fully set forth herein, and further states:

44.     The SP-West Franchise Agreement is a valid and binding contract between TLE, as Franchisor, and Smart Kids, as SP-West Franchisee.

45.     Defendant Smart Kids has defaulted under the terms of the SP-West Franchise Agreement as alleged above.

46.     TLE, as Franchisor, has suffered damages as a result of Smart Kids' breaches of the SP-West Franchise Agreement, in the following approximate amounts: a) $2,590.33 in past due royalties and monthly fees; and b) $145,980.87 in liquidated damages, all of which damages continue to accrue and increase.

WHEREFORE, Plaintiff, THE LEARNING EXPERIENCE SYSTEMS LLC, demands judgment against Defendant, SMART KIDS OF MISSOURI, INC., for damages, plus interest thereon, costs and attorney's fees pursuant to Section 12.14 of the SP-West Franchise Agreement, and such other relief as this Court deems just and proper.

## COUNT II:  BREACH OF SP-WEST SDSC ADDENDUM
### (Plaintiff TLE against Defendant Smart Kids)

47.     TLE re-alleges and incorporates the allegations set forth in paragraphs 1-26 and 39-42 above, as though fully set forth herein, and further states:

48.     The SP-West SDSC Addendum is a valid and binding contract between TLE, as Franchisor, and Smart Kids, as SP-West Franchisee.

49.     Defendant Smart Kids has defaulted under the terms of the SP-West SDSC Addendum by, *inter alia*, non-payment of the SDSC Service Fee.

50.     TLE, as Franchisor, has suffered damages as a result of Smart Kids' breach of the SP-West SDSC Addendum, in the following approximate amount: $175,732.00 in past due payments pursuant to Section 6 of the SP-West SDSC Addendum.

WHEREFORE, Plaintiff, THE LEARNING EXPERIENCE SYSTEMS LLC, demands judgment against Defendant, SMART KIDS OF MISSOURI, INC., for damages, plus interest thereon, costs and attorney's fees pursuant to Section 18 of the SP-West SDSC Addendum, and such other relief as this Court deems just and proper.

## COUNT III: BREACH OF SP-WEST GUARANTY
(Plaintiff TLE against Defendants Buddhas, P. Krishna, V. Krishna, and Manchukonda)

51.     TLE re-alleges and incorporates the allegations set forth in paragraphs 1-26 and 39-42 above, as though fully set forth herein, and further states:

52.     Defendant Smart Kids has defaulted under the SP-West Franchise Agreement and the SP-West SDSC Addendum, as alleged more specifically in Counts I and II above.

53.     Defendants, the Buddhas, P. Krishna, V. Krishna, and Manchukonda (collectively the "SP-West Guarantors") have defaulted under their SP-West Guaranty of the SP-West Franchise Agreement and SP-West SDSC Addendum by, *inter alia*, failing and/or refusing to promptly and fully pay the sums due to TLE as a result of the Smart Kids' breaches of the SP-West Franchise Agreement and SP-West SDSC Addendum, as alleged in Counts I and II above.

54.     TLE has suffered damages as a result of the SP-West Guarantors' breach of the SP-West Guaranty, in the following approximate amounts  a) $2,590.33 in past due royalties and monthly fees; b) $145,980.87 in liquidated damages; and c) $175,732.00 in past due payments under the SP-West SDSC Addendum, all of which damages continue to accrue and increase.

WHEREFORE, Plaintiff, THE LEARNING EXPERIENCE SYSTEMS LLC, demands judgment against Defendants, SREENIVAS BUDDHA, GEETA BUDDHA, PRANEETH

KRISHNA, VAMSHI KRISHNA, and HARSHINI MANCHUKONDA, jointly and severally, for damages, plus interest thereon, costs and attorney's fees pursuant to, *inter alia*, the SP-West Guaranty, the SP-West Franchise Agreement, and the SP-West SDSC Addendum, and such other relief as this Court deems just and proper.

### COUNT IV: BREACH OF SP-WEST MANAGEMENT AGREEMENT
(Plaintiff TLE Corp. against Defendant Smart Kids)

55.    TLE Corp. re-alleges and incorporates the allegations set forth in paragraphs 1-26 and 39-42 above, as though fully set forth herein, and further states:

56.    The SP-West Management Agreement is a valid and binding contract between TLE Corp. and Smart Kids.

57.    TLE Corp. has performed all of its obligations in accordance with the terms of the SP-West Management Agreement.

58.    Defendant Smart Kids has breached the terms of the SP-West Management Agreement by, *inter alia*, failing to reimburse the Manager, TLE Corp., upon demand, for monies expended by TLE Corp., in violation of Section 2(b) of the SP-West Management Agreement, failing to pay management fees due under the SP-West Management Agreement, and otherwise.

59.     TLE Corp. has suffered damages as a result of Smart Kids' breach of the SP-West Management Agreement, in the amount of $306,594.21 as of February 5, 2021, which damages continue to accrue and increase.

WHEREFORE, Plaintiff, THE LEARNING EXPERIENCE CORP., demands judgment against Defendant, SMART KIDS OF MISSOURI, INC., for damages, plus interest thereon, and such other relief as this Court deems just and proper.

## COUNT V: BREACH OF SP-EAST FRANCHISE AGREEMENT
(Plaintiff TLE against Defendant Super Kids)

60.     TLE re-alleges and incorporates the allegations set forth in paragraphs 1-16 and 27-42 above, as though fully set forth herein, and further states:

61.     The SP-East Franchise Agreement is a valid and binding contract between TLE, as Franchisor, and Super Kids, as SP-East Franchisee.

62.     Defendant Super Kids has defaulted under the terms of the SP-East Franchise Agreement as alleged above.

63.     TLE, as Franchisor, has suffered damages as a result of Super Kids' breaches of the SP-East Franchise Agreement, in the following approximate amounts: a) $2,206.54 in past due royalties and monthly fees; and b) $102,937.48 in liquidated damages, all of which damages continue to accrue and increase.

WHEREFORE, Plaintiff, THE LEARNING EXPERIENCE SYSTEMS LLC, demands judgment against Defendant, SUPER KIDS, INC., for damages, plus interest thereon, costs and attorney's fees pursuant to Section 12.14 of the SP-East Franchise Agreement, and such other relief as this Court deems just and proper.

## COUNT VI: BREACH OF SP-EAST GUARANTY
(Plaintiff TLE against Defendants Buddhas, P. Krishna, V. Krishna, and Manchukonda)

64.     TLE re-alleges and incorporates the allegations set forth in paragraphs 1-16 and 27-42 above, as though fully set forth herein, and further states:

65.     Defendant Super Kids has defaulted under the SP-East Franchise Agreement, as alleged more specifically in Count V above.

66.     Defendants the Buddhas, P. Krishna, V. Krishna, and Manchukonda (collectively the "SP-East Guarantors") have defaulted under their SP-East Guaranty of the SP-East Franchise

Agreement by, inter alia, failing and/or refusing to promptly and fully pay the sums due to TLE as a result of the SP-East Franchisee's breaches of the SP-East Franchise Agreement, as alleged in Count V above.

67.     TLE has suffered damages as a result of the SP-East Guarantors' breach of the SP-East Guaranty, in the following approximate amounts: a) $2,206.54 in past due royalties and monthly fees; and b) $102,937.48 in liquidated damages, all of which damages continue to accrue and increase.

WHEREFORE, Plaintiff, THE LEARNING EXPERIENCE SYSTEMS LLC, demands judgment against Defendants, SREENIVAS BUDDHA, GEETA BUDDHA, PRANEETH KRISHNA, VAMSHI KRISHNA, and HARSHINI MANCHUKONDA, jointly and severally, for damages, plus interest thereon, costs and attorney's fees pursuant to, *inter alia*, the SP-East Guaranty and the SP-East Franchise Agreement, and such other relief as this Court deems just and proper.

### COUNT VII:  BREACH OF SP-EAST PROMISSORY NOTE
(Plaintiff TLE against Defendant Super Kids)

68.     TLE re-alleges and incorporates the allegations set forth in paragraphs 1-16 and 27-42 above, as though fully set forth herein, and further states:

69.     On or about December 10, 2019, Super Kids executed and delivered to TLE the SP-East Note, as alleged above.

70.     TLE is the holder of the SP-East Note, as alleged above.

71.     Defendant Super Kids has defaulted under the SP-East Note by failing to pay the payment due on December 1, 2020 and all subsequent payments.

72.     Pursuant to Section 7(c) of the SP-East Note, TLE declares the full amount payable under the SP-East Note to be due.

73.    Defendant Super Kids owes TLE $176,565.66 that is due on principal on the SP-East Note, together with interest from December 1, 2020, late charges, costs of collection and reasonable attorney's fees, and such other expenses as may be permitted by the SP-East Note.

WHEREFORE, Plaintiff, THE LEARNING EXPERIENCE SYSTEMS LLC, demands judgment against Defendant, SUPER KIDS, INC., for damages, plus interest thereon, costs and attorney's fees pursuant to the SP-East Note, and such other relief as this Court deems just and proper.

## COUNT VIII: BREACH OF SP-EAST NOTE GUARANTY
(Plaintiff TLE against Defendants S. Buddha, P. Krishna, and V. Krishna)

74.    TLE re-alleges and incorporates the allegations set forth in paragraphs 1-16 and 27-42 above, as though fully set forth herein, and further states:

75.    On or about December 10, 2019, the SP-East Note Guarantors executed and delivered to TLE the SP-East Note Guaranty, as alleged above.

76.    Defendant Super Kids has defaulted under the SP-East Note, as alleged more specifically in Count VII above.

77.    The SP-East Note Guarantors are liable under the SP-East Note Guaranty to pay the sums due to TLE under the SP-East Note, as alleged in Count VII above, but have failed and refused to do so.

78.    TLE has suffered damages as a result of the SP-East Note Guarantors' breach of the SP- East Note Guaranty, in the following approximate amounts: $176,565.66, together with interest thereon, which continue to accrue and increase.

WHEREFORE, Plaintiff, THE LEARNING EXPERIENCE SYSTEMS LLC, demands judgment against Defendants, SREENIVAS BUDDHA, PRANEETH KRISHNA, and VAMSHI KRISHNA, jointly and severally, for damages, plus interest thereon, costs and attorney's fees

pursuant to Section 8 of the SP-East Note Guaranty, and such other relief as this Court deems just and proper.

### COUNT IX:  MONEY LENT
(Plaintiff TLE Corp. against Defendant Super Kids)

79.     TLE Corp. re-alleges and incorporates the allegations set forth in paragraphs 1-16 and 27-42 above, as though fully set forth herein, and further states:

80.     Defendant Super Kids owes TLE Corp. $287,648.17 that is due with interest as of February 5, 2021, for money lent by TLE Corp. to Super Kids commencing on July 1, 2020 and thereafter.

WHEREFORE, Plaintiff, THE LEARNING EXPERIENCE CORP., demands judgment against Defendant, SUPER KIDS, INC., for damages, plus interest thereon, and such other relief as this Court deems just and proper.

### COUNT X: BREACH OF VERBAL CONTRACT
(Plaintiff TLE Corp. against Defendant Super Kids)

81.     TLE Corp. re-alleges and incorporates the allegations set forth in paragraphs 1-16 and 27-42 above, as though fully set forth herein, and further states:

82.     On or about May 28, 2020, Defendant Super Kids, the SP-East franchisee, verbally entered into an exclusive center Management Agreement for the SP-East center with TLE Corp., pursuant to which TLE Corp., as manager, would assume authority over the management and operations of the SP-East center for an indefinite period of time.  Although the parties had prepared a written exclusive center Management Agreement for the SP-East Center, for some reason the agreement was not executed.  However, TLE Corp. did in fact undertake and begin performing the duties of manager and in fact managed the SP-East Center beginning on or about May 28, 2020 and continuing to date.

83.     Pursuant to the parties' verbal agreement, TLE Corp. assumed and exercised authority over the management and operations of the SP-East Center, provided management services, and also advanced funds for direct out-of-pocket costs for the operation of the center, including for rent, payroll and other expenses of operating the center totaling approximately $287,648.17 through February 5, 2021, which continues to accrue and increase.

84.     Pursuant to the verbal agreement and understanding of the parties, Defendant Super Kids was to reimburse TLE Corp., upon written demand therefore, for all amounts so advanced, and for management services provided by TLE Corp.   However, despite written demand, Defendant Super Kids has failed and refused to do so.

85.     Plaintiff TLE Corp. has suffered damages as a result of Super Kids breach of the verbal contract for management of the SP-East center in the approximate amount of $287,648.17 as of February 5, 2021, which damages continue to accrue and increase.

WHEREFORE, Plaintiff, THE LEARNING EXPERIENCE CORP., demands judgment against Defendant, SUPER KIDS, INC., for damages, plus interest thereon, and such other relief as this Court deems just and proper.

## COUNT XI: QUANTUM MERUIT
(Plaintiff TLE Corp. against Defendant Super Kids)

86.     TLE Corp. re-alleges and incorporates the allegations set forth in paragraphs 1-16 and 27-42 above, as though fully set forth herein, and further states:

87.     Beginning in or about May of 2020 and continuing to date, TLE Corp. provided exclusive management services for the operation of the SP-East center for the benefit of Defendant Super Kids, which included provision of management services and advances of funds to cover working capital and other operating costs including, but not limited to, rent, payroll and other operating expenses of the center.

88.     The fair value of TLE Corp.'s services, and the amount of working capital and other funds advanced by TLE Corp. on behalf of Defendant Super Kids in connection therewith, is presently at least $287,648.17 as of February 5, 2021, which amount continues to accrue and increase.

89.     Plaintiff TLE Corp. is entitled to recover the fair value of its services and the market value of the funds it has advanced from the Defendant Super Kids.

WHEREFORE, Plaintiff, THE LEARNING EXPERIENCE CORP., demands judgment against Defendant, SUPER KIDS, INC., for damages, plus interest thereon, and such other relief as this Court deems just and proper.

## COUNT XII: UNJUST ENRICHMENT
(Plaintiff TLE Corp. against Defendant Super Kids)

90.     TLE Corp. re-alleges and incorporates the allegations set forth in paragraphs 1-16 and 27-42 above, as though fully set forth herein, and further states:

91.     TLE. Corp. conferred a benefit upon Defendant Super Kids in the form of management services performed for the SP-East center and working capital and other funds advanced by TLE Corp. to fund the operations of the center.

92.     Defendant Super Kids requested TLE Corp.'s services in managing and funding the operations of the center, and knowingly and voluntarily accepted said benefits, which flowed to the Defendant Super Kids.

93.     The circumstances are such that it would be inequitable for Defendant Super Kids to retain the benefits provided by TLE Corp. without paying the true value thereof, which is at least $287,648.17 as of February 5, 2021, and which continues to increase as said benefits continue to be conferred upon the Defendant.

WHEREFORE, Plaintiff, THE LEARNING EXPERIENCE CORP., demands judgment against Defendant, SUPER KIDS, INC., for damages, plus interest thereon, and such other relief as this Court deems just and proper.

## COUNT XIII: BREACH OF MARYLAND FRANCHISE AGREEMENT-CROSS-DEFAULT
(Plaintiff TLE against Defendant Sreenivas Buddha)

94.     TLE realleges and incorporates the allegations set forth in paragraphs 1-42 above, as though fully set forth herein, and further states:

95.     On or about February 25, 2019, S. Buddha, in trust for an entity to be formed but which was never ultimately formed, executed a Franchise Agreement for a TLE childcare center to be located in Howard County, Maryland (the "Maryland Franchise Agreement") and a Site Development Service Charge Addendum ("Maryland SDSC Addendum").  True and accurate copies of the Maryland Franchise Agreement and the Maryland SDSC Addendum are attached hereto and incorporated herein as Composite Exhibit "15."

96.     Pursuant to the Maryland Franchise Agreement, TLE, as franchisor, granted a franchise and license to Defendant S. Buddha, in trust for an entity to be formed but which was never ultimately formed, to operate a franchised childcare center to be located in Howard County, Maryland.  However, to date, no childcare center has been developed or opened pursuant to the Maryland Franchise Agreement.

97.     The SP-East Franchise Agreement and the SP-West Franchise Agreement each contain a cross-default clause, which provides that any default by the franchisee or its principals under those agreements will be deemed to be a default of any separate franchise agreements that franchisees or their principals have with TLE, including the Maryland Franchise Agreement, and

entitling TLE to exercise any of the remedies available under the Maryland Franchise Agreement, at law or in equity, effective immediately upon notice to the defaulting parties.

98.     Likewise, the Maryland Franchise Agreement provides, *inter alia*, that any material default under the SP-East Franchise Agreement, the SP-West Franchise Agreement, or *inter alia,* the SP-West Management Agreement, is deemed to be a default of the Maryland Franchise Agreement.

99.     TLE hereby declares that the defaults under, *inter alia*, the SP-East Franchise Agreement and the SP-West Franchise Agreement, as alleged above, constitute a default of the Maryland Franchise Agreement, and further hereby notifies all of the Defendants herein of same and TLE's intent to exercise its legal and equitable remedies available under those franchise agreements.

100.    The default under the Maryland Franchise Agreement also constitutes a default under the Maryland SDSC Addendum.

101.    TLE, as franchisor under the above-described franchise agreements, has suffered damages as a result of the above-described defaults of the subject franchise agreements and is entitled to recover damages against Defendant S. Buddha for the default under the Maryland Franchise Agreement and the Maryland SDSC Addendum including, but not limited to, TLE's retention of any and all franchise fees, SDSC addendum fees or other fees paid by or on behalf of Defendant S. Buddha to TLE in the approximate amount of $90,000.00, and other damages as provided therein.

WHEREFORE, Plaintiff, THE LEARNING EXPERIENCE SYSTEMS LLC, demands judgment against Defendant, SREENIVAS BUDDHA, for damages, plus interest thereon, costs

and attorney's fees pursuant, *inter alia*, to Section 12.14 of the above-described Franchise Agreements, and such other relief as this court deems just and proper.

Dated:  February 10, 2021

SIMON & SIGALOS, LLP
Attorneys for Plaintiffs, THE LEARNING EXPERIENCE SYSTEMS, LLC and THE LEARNING EXPERIENCE CORP.
3839 NW Boca Raton Boulevard, Suite 100
Boca Raton, Florida 33431
(561) 447-0017 Telephone
(561) 447-0018 Facsimile

/s/ *George L. Sigalos*_____
George L. Sigalos, Esq.
Florida Bar No.:  782432
glsassistant@simonsigalos.com