UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THE LEARNING EXPERIENCE SYSTEMS, LLC, a Delaware Limited Liability Company, and THE LEARNING EXPERIENCE CORP., a Delaware Corporation, | CASE NO. 0:21-CV-60323-WPD |
| Plaintiffs, | |
| v. | |
| SMART KIDS OF MISSOURI, INC., a Missouri Corporation, SUPER KIDS, INC., a Missouri Corporation, SREENIVAS BUDDHA, an individual, GEETA BUDDHA, an individual, PRANEETH KRISHNA, a/k/a PRANEETH DINDIGAPU, an individual, VAMSHI KRISHNA, a/k/a VAMSHI KRISHNA DINDIGAPU, a/k/a DINDIGAPU VAMSHI KRISHNA, a/k/a VAMSHI DINDIGAPU, an individual, and HARSHINI MANCHUKONDA, an individual, | |
| Defendants. _____/ | |
| THE LEARNING EXPERIENCE SYSTEMS, LLC, a Delaware Limited Liability Company, and THE LEARNING EXPERIENCE CORP., a Delaware Corporation, | CASE NO. 0:21-CV-60472-WPD |
| Plaintiffs, | |
| v. | |
| WISDOM CHILD EDUCATION LLC, a Missouri Limited Liability Company, SREENIVAS VULLI, an individual, and MAMATHA VULLI, an individual, | |
| Defendants. _____/ | |

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on Defendant Smart Kids of Missouri, Inc., et al.'s, Motion to Dismiss and/or Enforce Settlement Agreement (Case No. 21-60323 ECF No. 13) and Defendant Wisdom Child Education LLC, et al.'s, Motion to Dismiss and/or Enforce Settlement Agreement (Case No. 21-60472 ECF No. 10).[1] The Honorable William P. Dimitrouleas referred these Motions to United States Magistrate Judge Lurana S. Snow for Report and Recommendation. (ECF No. 20) As the Motions arise out of the same factual circumstances and present the same arguments, the recommendations herein will apply to both Motions.

## I. BACKGROUND

These cases involve alleged breaches of franchise agreements entered into by Plaintiffs and Defendants. Plaintiffs are franchisors of The Learning Experience Academy of Early Education® system and owns, operates, and franchises childcare and development centers. (ECF No. 1 at 3) Plaintiffs and the Defendant franchisees entered into franchise agreements for three different childcare centers. On or about May 20, 2019, Plaintiffs entered into a franchise agreement with Defendants Sreenivas Buddha, Praneeth Krishna, and Smart Kids of Missouri, Inc. for a childcare center in St. Peters, Missouri ("West Center"). (ECF No. 1 at ¶ 17) On or about May 28, 2019, Plaintiffs entered into a franchise agreement with Defendants Sreenivas Buddha, Praneeth Krishna, and Super Kids, Inc. for a second childcare center in St. Peters, Missouri ("East Center"). (ECF No. 1 at ¶ 27) On or about June 26, 2018, Plaintiffs entered into a franchise agreement with Defendants Sreenivas

---

[1] Unless otherwise noted, citations to the record refer to Case No. 21-60323.

2

Vulli, Mamatha Vulli, and Wisdom Child Education LLC for a childcare center in Ellisville, Missouri ("Ellisville Center"). (Case No. 21-60472 ECF No. 1 at ¶ 13) According to Plaintiffs, the Defendant franchisees defaulted on a number of provisions of the franchise agreements. (ECF No. 1 at 4–10)

To avoid litigation, the parties engaged in settlement discussions from September 2020 until February 2021. (ECF No. 18 at 3) Defendants contend that the parties reached a settlement on or about February 26, 2021. (ECF No. 13 at 9–14) Plaintiffs assert that no binding settlement was reached. (ECF No. 18 at 11)

## II. LEGAL STANDARD

In Florida, it is settled law that settlement agreements are highly favored and courts "will seek to enforce them whenever possible." Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985). "Federal district courts have the inherent power to summarily enforce settlement agreements entered into by litigants in a pending case." United States ex rel. John Doe v. Health First, Inc., No. 6:14-cv-501-Orl-37DCI, 2017 WL 1929700, at *4 (M.D. Fla 2017). "A motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract . . . ." Conte v. Winn Dixie Store, Inc., No. 3:13-cv-463-MCR-EMT, 2014 WL 4693072, at *2 (N.D. Fla. Sept. 22, 2014). To prove the existence of a contract under Florida law, the moving party must demonstrate the existence of: (1) an offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. Kolodziej v. Mason, 774 F.3d 736, 740 (11th Cir. 2014). An essential term is "a contractual provision dealing with a significant issue such as subject matter, price, payment,

quantity, quality, duration, or the work to be done." <u>United States ex rel. John Doe v. Health First, Inc.</u>, No. 6:14-cv-501-Orl-37DCI, 2017 WL 1929700, at *4 (M.D. Fla. May 10, 2017)

The party seeking enforcement has the burden of proving "assent by the opposing party and must establish that there was a meeting of the minds or mutual or reciprocal assent to certain definite propositions." <u>Giovo v. McDonald</u>, 791 So. 2d 38, 40 (Fla. 2d DCA 2001) "The acceptance of an offer . . . must be: (1) absolute and unconditional; (2) identical with the terms of the offer; and (3) in the mode, at the place, and within the time expressly or impliedly required by the offer." <u>Kendel v. Pontious</u>, 261 So. 2d 167, 169 (Fla. 1972). The offeror "has the right to dictate terms in respect to the time, place, and manner of acceptance, and when he does so, like other terms, they must be complied with." <u>Id.</u>

## II. DISCUSSION

<u>A. The Factual Circumstances on February 26, 2021</u>

On February 26, 2021, at 11:29 a.m., Plaintiffs sent, via email, a letter ("Settlement Letter") along with two revised settlement agreements to Defendants. (ECF Nos. 13 at 11; 18-3 at 3) One settlement agreement was for the East and West Centers in St. Peters, Missouri ("East/West Agreement.") The other settlement agreement was for the Ellisville Center ("Ellisville Agreement").

The initial email sent by Plaintiffs stated in the top paragraph and in italics:

> This is an offer to compromise a disputed claim and is not an admission of any kind. The offer herein made is a settlement offer only and not to be used for any other purpose. . . . No settlement shall be deemed binding

4

> or effective unless reduced to a formal writing and signed by all parties to be charged.

(ECF No. 18-3 at 3) The Settlement Letter attached to the email stated the same.

(ECF No. 18-3 at 4–5) Moreover, the Settlement Letter stated in full:

> Please be further advised that all of your respective clients must fully execute both of these agreements and deliver them to TLE or the undersigned and wire the monies due thereunder from your respective clients as set forth in the proposed agreements (which total approximately $XXX) in cleared funds, by no later than 5:00 p.m. EST today Friday, February 26, 2021.[2]
>
> If your clients timely and fully comply with these conditions, then TLE will consider whether it will, in turn, execute the documents and accept delivery of the funds. TLE reserves the right to decline to do so in its sole discretion, however.
>
> If TLE accepts a settlement, then it will dismiss the existing lawsuit without prejudice with each party to bear their own fees and costs, or abate the lawsuit pending performance by your clients.
>
> Please be further advised that, if your clients do not fully and timely comply with the foregoing conditions and within the applicable deadlines, the terms set forth in the proposed agreements will be irrevocably withdrawn by my clients.

(ECF No. 18-3 at 5)

Defendants responded to the Settlement Letter via email and stated that there was a "scrivener's error" in the East/West Agreement and suggested a correction. (ECF No. 18-3 at 36) Specifically, Defendants asserted that the East/West agreement incorrectly stated that there were two promissory notes, but that the parties only had one note for the East Center. (ECF No. 18-3 at 36) Defendants further advised that

---

[2] The parties advised the Court of the settlement amount but the undersigned finds that the amount is not pertinent to the analysis herein and therefore has redacted it.

the funds would be wired to Plaintiffs' corporate account and the executed agreements would be sent to Plaintiffs prior to the 5:00 p.m. deadline. (ECF No. 13 at 12)

Plaintiffs responded by way of a follow up email at 2:17 p.m., which stated, "This will confirm that if your clients meet the conditions by 5 p.m. today set forth in my recent letter, TLE intends to execute the two documents upon timely receipt of the monies and the signed documents from your clients." (ECF No. 18-3 at 37). Plaintiffs further stated, "Regarding the change you (Defendants) suggested, I forwarded it to my client to see if they are agreeable but that will not alter our deadlines or conditions at this time." (ECF No. 18-3 at 37)

At 3:18 p.m., Plaintiffs sent another email to Defendants advising that:

> The change you are suggesting with respect to the West Center is too broad and could encompass the other obligations that Smart Kids has under the Agreement. If there is only one Note from Super Kids (East) and none from Smart Kids (West) then the existing language is simply superfluous. You may simply delete that one specific reference to "and Smart Kids of Missouri, Inc." after the reference to the "Notes." No further changes are needed nor will they be entertained at this point. The deadlines remain.

(ECF No. 18-3 at 39) Directly after receiving this email, Defendants' counsel immediately called counsel for Plaintiffs regarding what they referred to as the scrivener's error and again informed Plaintiffs that Defendants were ready to wire the money. (ECF No. 13 at 13) According to Defendants, during the telephone call, counsel for Plaintiffs directed Defendants to send back the revised agreement with the change referenced in the Plaintiffs' email. (ECF No. 13 at 13) In accordance with that understanding, Defendants sent a follow up email at 3:43 p.m. that included a

6

correction that changed "Notes" to "Note". (ECF No. 18-3 at 40) It should be observed that based upon Plaintiffs' email sent at 3:18 p.m., counsel for Plaintiffs never suggested to change "Notes" to "Note." Rather, Plaintiffs' counsel agreed to delete the reference to "and Smart Kids of Missouri, Inc." after the word "Notes."

In response to Defendants' change, Plaintiffs' counsel sent an email at 4:24 p.m. that read, "my client is not agreeable to any further changes to the document other than the one minor change I referenced in my last email to you." (ECF No. 18-3 at 42) At 4:49 p.m., counsel for Defendants responded by stating, "My client is at the bank and ready to transfer the funds immediately if we have your agreement to correcting the fact that there is only one note for the center, not two." (ECF No. 18-3 at 43) Immediately thereafter, Defendants wired the settlement funds to Defendants' counsel's trust account rather than to Plaintiffs' account. (ECF No. 13 at 14) To date, those funds are still in Defendants' counsel's trust account. (ECF No. 13 at 14) Additionally, Smart Kids of Missouri, Inc., Super Kids, Inc., and Wisdom Child Education LLC did not execute the agreements. (ECF No. 18 at 13) Moreover, Plaintiffs did not execute the agreements either. (ECF No. 18 at 13)[3]

## B. Arguments of the Parties

Defendants argue that Plaintiffs lack standing to bring their claims because the parties reached a binding settlement agreement and according to Defendants,

---

[3] The Settlement Letter provided "If your clients timely and fully comply with these conditions, then TLE will consider whether it will, in turn, execute the documents and accept delivery of the funds. TLE reserves the right to decline to do so in its sole discretion, however.

this case should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (ECF No. 13 at 2) Alternatively, Defendants request that the Court enter an order enforcing the settlement agreement. (ECF No. 13 at 18) Plaintiffs assert that no binding settlement agreement was reached because Defendants failed to comply with the specific requirements and deadlines set forth in Plaintiffs' settlement proposals. (ECF No. 18 at 11)

In this case, the offeror is the master of the offer. Kroeze v. Chloride Group Ltd., 572 F.2d 1099, 1105 (5th Cir. 1978). "An offeror may prescribe as many conditions, terms or the like as he may wish, including but not limited to, the time, place, and method of acceptance." Id. Plaintiffs prescribed several conditions regarding the method of acceptance. The Settlement Letter and corresponding email clearly demonstrate Plaintiffs' intent that the settlement agreements would be binding only upon reducing the agreement to a fully executed formal writing. The Plaintiffs also required that Defendants transmit the fully executed settlement agreements and to wire the settlement monies to Plaintiffs before 5:00 p.m. on February 26, 2021, for the settlement to become binding. Notably, in all of Plaintiffs' communications, Plaintiffs' counsel reiterated that the conditions precedent remained in effect. Further, Plaintiffs stated in the Settlement Letter that a failure to comply would result in an irrevocable withdrawal of the terms set forth in the proposed settlement agreements. Plaintiffs made it clear that if the conditions were not complied with, no settlement would be reached and the offer would be withdrawn.

The undersigned finds that Defendants did not comply with the strict and specific conditions precedent to formation and thus no contract was formed. See Mitchell v. DiMare, 936 So. 2d 1178, 1180 (Fla. 5th DCA 2006) ("In the case of a condition precedent to formation . . . the contract does not exist unless and until the condition occurs."). Defendants missed the February 26, 2021, 5:00 p.m. deadline to provide the fully executed settlement documents in the form acceptable to Plaintiffs and Defendants failed to wire the monies to Plaintiffs' corporate account. Specifically, not all Defendants executed the documents provided by Plaintiffs, they made unilateral changes to the documents at issue no less than three times despite Plaintiffs' express disapproval, and failed to wire the monies discussed to Plaintiffs' account by the deadlines imposed by Plaintiffs.  (ECF No. 18 at 17)  Where time of performance and payment are material terms of the offer, acceptance is not complete unless payment is made prior to the specified deadline. See Suarez Trucking FL Corp. v. Souders, 311 So. 3d 263, 270 (Fla. 2d DCA 2020) (finding that the parties had not entered into an enforceable binding settlement agreement where the offeree did not accept the mirror image of the offer and failed to tender payment in the manner required by the offer). Based upon Plaintiffs' failure to comply with the conditions precedent to acceptance, the undersigned finds that the parties did not reach a binding settlement agreement. Therefore, Defendants' Motions should be denied on these grounds.

The parties advance several other arguments that the undersigned need not address. Defendants argue that Plaintiffs lack standing, and thus the Court would

lack subject-matter jurisdiction, based upon the argument that a binding settlement agreement was reached. While not addressing any arguments regarding standing, the undersigned notes that the Court has subject-matter jurisdiction based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (See ECF No. 1 at ¶¶ 1–13)

Defendants also argue that "number of Notes" was not an essential term and simply a scrivener's error. (ECF No. 13 at 15) Plaintiffs dispute this assertion and state that Defendants expressly stated that they would not agree to the modification proposed by Plaintiffs. Further, Plaintiffs argue that even if the settlement agreement were binding they would not be enforceable because Defendants failed to perform under the agreements. (ECF No. 18 at 18) The undersigned also declines to address these arguments in detail because the finding made above that there was no binding settlement agreement, render these arguments irrelevant to the undersigned's analysis.

### III. CONCLUSION

After careful review of the Motions, the Responses, the Replies thereto, the court files, and applicable law, it is hereby

RECOMMENDED that Defendant Smart Kids of Missouri, Inc., et al.'s, Motion to Dismiss and/or Enforce Settlement Agreement (Case No. 21-60323 ECF No. 13) and Defendant Wisdom Child Education LLC, et al.'s, Motion to Dismiss and/or Enforce Settlement Agreement (Case No. 21-60472 ECF No. 10) be DENIED.

The parties will have fourteen (14) days after being served with a copy of this Report and Recommendation within which to file written objections, if any, with the

Honorable William P. Dimitrouleas, United States District Judge. See 28 U.S.C. § 636(b)(1) (2020) (providing procedure for review of magistrate judge Report and Recommendation). Failure to timely file objections shall bar the parties from a de novo determination by Judge Dimitrouleas of any issue covered in this Report and shall bar the parties from challenging, on appeal, the factual findings accepted or adopted by this Court, except upon grounds of plain error or manifest injustice. See Thomas v. Arn, 474 U.S. 140, 145–53 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 17th day of May, 2021.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record